## Edward N. Rue, Plff. in Err., *v.* Charles R. Gentner.

The report of a referee appointed under the act of May 14, 1874, examined and held to substantially conform to the requirements of that act.

(Decided January 24, 1887.)

July Term, 1886, No. 87 E. D.    Error to the Common Pleas No. 2 of Philadelphia County to review a judgment entered on the report of a referee in favor of plaintiff in an action of covenant brought to recover ground rent.    Affirmed.

The action was brought by Charles R. Gentner against Edward N. Rue to recover ground rent accrued and reserved out of a certain triangular lot situated in the city of Philadelphia which had been conveyed by one John J. Gentner to Rue with the reservation of a ground rent of $240 per year payable January 1, and July 1, in each year.

John J. Gentner by deed dated April 27, 1864, assigned this ground rent to Charles R. Gentner, plaintiff in this action.    Edward N. Rue, claimed to have conveyed the land, subject to rent, by deed of May 23, 1864, to Isaac Heister, in trust for Joseph Rue for life, then in trust for his children.

The pleas were, covenant performed, *absque hoc,* and payment. The replication, covenant not performed, *similiter,* and issue.

A referee was appointed by the court in pursuance of an agreement signed by counsel for the respective parties and filed May 24, 1884, as follows:

"It is hereby agreed to submit all matters in controversy, in the above suit, to Warren G. Griffith, Esq., as referee, to hear and determine the same, and make award therein, according to the evidence produced and its weight; that the testimony be taken without delay, under the direction of the court, with the right upon the part of either party to file the exceptions to the report of said referee.

"It is further agreed that the said referee shall be appointed by the court."

The referee filed his report awarding plaintiff $853.57 and charging fees amounting to $580.

Exceptions were filed to the report of the referee and also to his bill of fees.

The matter of the report and the exceptions were brought before the court of common pleas, No. 2, for argument and decision. The question there arose as to which acts of assembly, if any, governed the proceedings, and finally, at the suggestion of the court, the following agreement, in writing, was signed by the counsel for the respective parties:

"And now, March 30, A. D. 1886, some doubts and differences of opinion having arisen whether, under the agreement made on the 24th day of May, 1884, between the counsel for the plaintiff and the counsel for the defendant in the above case, the said Warren G. Griffith was appointed the referee in the said case under the provisions of the act of assembly approved the 14th day of May, 1874, or not—therefore, in order to set at rest all doubt and uncertainty, it is hereby further agreed between William W. Ker, of counsel for the plaintiff, and J. Rich Grier, of counsel for the defendant, that the appointment of the said Warren G. Griffith, Esq., as referee in the above case was made under the provisions of the said act of May 14, 1874; that the report of the said referee, the exceptions thereto, and all further proceedings in the said case are to be governed by and in accordance with the provisions of the said act, and that neither party shall in any way or manner be prejudiced or deprived of any right by reason of any order or proceeding in the said court of common pleas, No. 2, since the report of the said referee has been filed."

The referee complied with all the requirements of the act of 1874, except that which directs that the meetings shall be held in the court house; and there was a general acquiescence in the more convenient and customary method of holding them at the office of the referee, which method was formally acquiesced in by the agreement in writing, dated October 26, 1885, and attached to the report.

After making and filing of the agreement of March 30, 1886, above recited, the referee notified counsel that he would hear argument upon the exceptions filed by the defendant. After hearing the argument the referee overruled the exceptions and

filed a supplemental report stating the facts found by him, and his conclusions of law, as follows:

That John Jacob Gentner, being seised in fee of the premises by deed, dated March 23, 1864, recorded in Deed Book, L. R. B. No. 20, p. 69, etc., granted and conveyed the same to the defendant, Edward N. Rue, reserving therefrom, and thereout, unto the said John Jacob Gentner, his heirs and assigns, the yearly rent or sum of $240, payable half yearly, on the first days of the months January and July; and the said Edward N. Rue, by said deed, covenanted for himself, his heirs and assigns, to pay the said yearly ground rent when and as often as the same shall become due and payable.

That by deed dated April 27, 1864, recorded in Deed Book, L. R. B. No. 141, p. 281, etc., the said John Jacob Gentner granted and conveyed the said ground rent unto Charles R. Gentner, his heirs and assigns; and the said Charles R. Gentner is now the owner of the said ground rent.

That no evidence was offered to show any change in the title to the premises since the creation of the ground rent; but that since that time the premises have been occupied by Joseph Rue, the father of the defendant, and the said Joseph Rue has paid all the ground rent that has been paid.

That Frederick Gentner, the father of the plaintiff, collected all the ground rent that was collected up to the time of his death in 1881. That during that time the plaintiff never collected any ground rent, and that the plaintiff gave the said Frederick Gentner full power and authority to collect the ground rent, receipt for the same, and apply the money to his own use, without accounting to the plaintiff therefor.

That a settlement was made between the said Frederick Gentner and Joseph Rue for the ground rent that accrued and matured on the first day of January, 1874; that since that time no other settlement for the ground rent has been made, and that the plaintiff, or his agent, has made repeated requests and demands for a settlement.

That since the said first day of January, 1874, a great many payments have been made on account of the said ground rent; that since that time there never was a full payment made for any one half year's ground rent, and that the ground rent has always been in arrears.

That since the said first day of January, 1874, a large number

of payments were made by Joseph Rue, in money, on account of the ground rent, in sums ranging from $1, to over $60, for which receipts were given, and the amount credited on account of the ground rent. That to facilitate the collection of the ground rent, Joseph Rue also gave to Frederick Gentner, from time to time, for collection, bills which were due by other persons to the said Joseph Rue, with the agreement that Frederick Gentner should collect the amount of each bill, if possible, and, after deducting his commissions and expenses incurred in making the collection, the balance to be credited as a payment on account of ground rent, and a large number of the bills were collected by Frederick Gentner, and the proper amounts were credited as payments on account of the ground rents.

That to further facilitate the collection of the ground rent, the said Joseph Rue also gave to Frederick Gentner, from time to time, orders upon different persons for delivery to said Frederick Gentner, of merchandise, with the agreement that when the orders were accepted, and the merchandise delivered, the value of each lot of merchandise so delivered should be credited as a payment on account of the said ground rent, and in a large number of instances the orders were accepted, the merchandise was delivered to Frederick Gentner, and the value thereof was credited as a payment on account of the ground rent.

That the payments so made in money, the sums so credited from the bills collected, and the value of the merchandise so delivered, together amount to the sum of $1,363.72; and that since the said first day of January, 1874, the only payments that have been made, and the only amount to which defendant is entitled to credit as payments on account of the ground rent, is the sum of $1,363.72.

That there were no points submitted in writing by the counsel, or either of them, to be answered and decided by the referee.

· That the evidence shows and the referee finds that the plaintiff is entitled to claim from the defendant payment for the ground rent from the first day of July, 1874, to the first day of January, 1882, inclusive, being sixteen half-yearly payments of $120 each;

| | | |
|---|---:|---:|
| Amounting to .................... | $1,920 | 00 |
| Interest thereon to Dec. 15, 1886, is... | 900 | 80 |
| | $2,820 | 80 |

That defendant is entitled to credit, as
   payments on account of the ground
   rent, the sum of . . . . . . . . . . . . . . . .    $1,363 72
Interest thereon to Dec. 15, 1885, is. . .     603 51
                                1,967 23

And that the sum of. . . . . . . . . . . . . . . . . . . . . . .    $853 57

—is now due by the defendant to the plaintiff for the said ground
rent, for which this action is brought.    Therefore, the referee
finds, and so decides, that the plaintiff is lawfully entitled to
recover from the defendant; that the defendant is indebted to
the plaintiff in the sum of $853.57 for the said ground rent due
and in arrear at the time of the commencement of this suit, and
interest thereon to December 15, 1885, and the referee accord-
ingly awards to the plaintiff judgment against the defendant for
said sum of $853.57, and the cost of this suit.

The exceptions are dismissed and judgment will be entered
for the amount awarded.

Judgment having been entered accordingly, defendant took
this writ, assigning the following errors:

1. The referee erred in that he has not set forth, separately
and distinctly, and with clearness and fullness, all the essential,
material, relevant, disputed, and undisputed facts, upon which
his conclusions of law resulting from the facts were deduced,
and upon which his findings were based.    His report is not self
sustaining.

2. The referee erred in that the statement of facts and conclu-
sions of law, as far as they have been found at all, are blended
together, cannot be separated, are not founded upon the logical
conclusions deducible from the facts, and are not in accordance
with the law resulting from the facts.

3. The report of the referee lacks all the requisites of a special
verdict, and conforms to none of the provisions of the law appli-
cable thereto; and the proceedings were not an exact, or even a
substantial, compliance with the law upon which the agreement
was based.

4. The referee erred in dismissing the second, third, fourth,
and nineteenth exceptions of defendant, as to the not setting
forth, separately and distinctly, the evidence in support of the
plaintiff's claim, the defense of defendant thereto, parol and

written, and his conclusions of law resulting from the evidence.

5. The referee erred in dismissing the fifth, sixth, seventh, and eighth exceptions of defendant, in not having set forth the particular payments allowed as credits, and those disallowed, and his conclusions of law resulting from the evidence.

6. The referee erred in dismissing the ninth and eleventh exceptions of defendant, in that he had not set forth the exceptions taken at the trial, in writing by him, to the admission and rejection of evidence, his rulings and conclusions of law relating thereto; also his conclusions of fact and law, that a bill of exceptions had not been tendered.

7. The referee erred in disregarding and rejecting a book of original entries kept by Frederick Gentner, containing the ground rent account from January 1, 1875, to February, 1881, and a statement rendered by him to Joseph Rue in November, 1877, showing the debits and credits and balance due at the time.

8. The referee erred in finding as a fact, without assigning any reason or giving a conclusion of law resulting therefrom, that there has been paid, on account of this ground rent, since July 1, 1874, to the plaintiff or his authorized agents, in cash or merchandise, which they were authorized to receive or the receipt of which has been ratified by plaintiff, the sum of $1,363.72, instead of $2,217.20, the amount of credits claimed for which vouchers for payment of same were offered in evidence.

9. The referee erred in rejecting evidence of payments on account of the ground rent, to the amount of at least $600 more than allowed, without assigning any reason or giving his conclusion of law resulting from the facts for his findings.

10. The referee erred in his dismissing the seventeenth exception, and in allowing $900.80 interest on the ground rent in suit, and his conclusion of law resulting from the facts, and in his calculation of the interest allowed.

11. The referee erred in dismissing the exceptions taken to his report, and in not giving his conclusions of law relating thereto.

12. The referee erred in affirming his report and in entering judgment the same day. The judgment was illegally entered of record May 17, 1886.

13. The referee has not filed such a bill for fees and costs

as the law provides. His fees are excessive and illegal, and were not taxed in accordance with the rules of the court or the provisions of the law.

*J. Rich Grier* for plaintiff in error.

*George W. Smyth* and *William W. Ker* for defendant in error.

PER CURIAM:

In the early part of the hearing before the referee, some doubt existed as to the specific law under which he held his appointment. To remove that doubt it was expressly agreed that his appointment was made under the provisions of the act of May 14, 1874. An examination of the record satisfies us that the form of the report substantially conforms to the requirements of that act, and that the learned judge committed no error in confirming the report.

Judgment affirmed.